DAVIS et al. v. UNITED STATES.

(District Court, S. D. Alabama, N. D. February 13, 1903.)

No. 375.

1. UNITED STATES—CLAIMS—ARMY—SOLDIERS—MEDICAL ATTENDANCE—IMPLIED CONTRACT.

Army Regulations, § 1452, provides that when medical attendance is required by an officer or enlisted man on duty, and the attendance of a medical officer cannot be had, the officer, or, in his absence, such enlisted man, may employ a civilian physician, and a just account for his services and necessary medicines will be paid by the medical department. Section 1457 requires that accounts for board, lodging, nursing,

and medical attendance of sick soldiers in private hospitals shall be sent to the surgeon general for settlement. *Held*, that where a corporal was taken sick while detached on recruiting service, and required immediate medical attention, which could not be afforded by the department, and he was sent to a private hospital by his captain in command, who requested that board, lodging, medical attendance, etc., be furnished to him, an implied contract was thereby created, which entitled plaintiff to recover against the United States for the reasonable value of the services so furnished.

Cabaniss & Weakley, for petitioners.

Thomas R. Roulhac, U. S. Dist. Atty.

TOULMIN, District Judge. This suit is brought under the act of congress of March 3, 1887, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752], entitled "An act to provide for the bringing of suits against the government of the United States." By this act it is provided, among other things, that all claims founded upon any contract, express or implied, with the government of the United States, may be sued upon in a district or circuit court of the United States, according as the amount involved may be less or more than $2,000. This suit is for $332.50.

## Finding of Facts.

I find the facts to be that on the 24th day of June, 1898, while the United States were at war with the kingdom of Spain, one Corporal Shannon Jones was in the service of the United States as a soldier, doing recruiting duty at Birmingham, Ala., under the immediate command of Capt. W. J. Parks, of the First Alabama Volunteers, who was also in the military service of the United States, the detachment to which said Jones belonged having been sent to Birmingham by the commanding officer of the First Alabama Volunteers, under orders from the war department of the government; that said Jones, while so engaged in said recruiting service, became seriously ill with typhoid fever, and while so ill was by the direction of said W. J. Parks, who was in command of said detachment and of said Jones, conveyed to the infirmary of the petitioners for medical treatment and attention, and was boarded and cared for by the petitioners in such infirmary while so ill from June 24, 1898, to September 2, 1898; that said Jones was seriously ill during said time, and was furnished and supplied by the petitioners during all of said time with board, lodging, medicines, medical attention, and attention of nurses; that reasonable value of said board, lodging, medicines, medical attention, and nursing was $332.50, the sum sued for; that the services so rendered said Jones by the petitioners were reasonably necessary, and were rendered him while he was enlisted as a soldier in the military service of the United States, and that he was so ill during said time that he could not have been safely discharged from said infirmary sooner than he was discharged therefrom; that immediate and close attention to said Jones was necessary, and that there was no army surgeon at or near Birmingham, Ala., whose medical services could be obtained for him, and no army hospital to which he could be sent; that the nearest army surgeon and hospital was at Atlanta, Ga., 165 miles away, and that it would have been extremely hazardous

and at great risk to his life to have attempted to carry him so far; that at the time said Jones left his command for Birmingham on said recruiting service the command was stationed at or near Mobile, Ala., some 300 miles from Birmingham, and that shortly thereafter it was removed to Miami, Fla. I further find that Capt. W. J. Parks, the officer under whose immediate command said Jones was, sent him to the infirmary of the petitioners, with the request that they render him medical services and attention; that he had no other means of caring for said Jones; that said Parks had no express agreement with the petitioners as to terms, and no special agreement other than that they agreed to take said Jones into their infirmary and to treat and care for him there, and that said Parks told them he expected them to charge the customary prices,—such as other physicians would charge; that said Parks gave information of what he had done in the matter to the chief surgeon of the department at Atlanta, and requested blanks upon which to make accounts for the services rendered, and there was no express approval or disapproval of what he had done. I further find that the charges made by the petitioners were customary and reasonable, and that they have not been paid, although an account for the same has been presented to the proper department of the government, and payment denied.

### Finding of Law.

Section 1452 of the army regulations, which were promulgated by the secretary of war under direction of the president of the United States, on October 31, 1895, provides that: "When medical attendance is required by an officer or enlisted man on duty, and the attendance of a medical officer cannot be had, the officer, or if there be no officer present, then the enlisted man may employ a civilian physician, and a just account for his services and the necessary medicines will be paid by the medical department;" and section 1457 provides that "accounts for board, lodging, nursing and medical attendance of sick soldiers in private hospitals will be sent to the surgeon-general for settlement."

Where a parol contract has been executed and performed on one side, the party performing will be entitled to recover the fair value of his services as upon an implied contract for a quantum meruit. Clark v. U. S., 95 U. S. 539, 24 L. Ed. 518; U. S. v. Gill, 20 Wall. 517, 22 L. Ed. 421.

I find that there was no valid express contract, as required by Act June 2, 1862, 12 Stat. 411 [U. S. Comp. St. 1901, p. 2510], with the petitioners for the services, etc., rendered by them; but I am of opinion that Capt. Parks acted within the line of his authority, under the army regulations, in sending the sick soldier, Jones, to the infirmary of the petitioners, from which there arose on the part of the United States government an implied contract to pay the fair value of the services rendered by the petitioners, and as claimed by them in this suit.

My conclusion is that the petitioners are entitled to a judgment for $332.50.